DeWine, J.,
concurring.
{¶ 19} As the opinion concurring in part and dissenting in part states, reconsideration has traditionally been used “ ‘to correct decisions which, upon reflection, are deemed to have been made in error.’ ” Concurring-in-part-and-dissenting-in-part opinion at ¶ 23, quoting State ex rel. Huebner v. W. Jefferson Village Council, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1996). And S.Ct.Prac.R. 18.02 contemplates that those corrections should come quickly. Parties have just ten days to bring to this court’s attention errors the court may have made in arriving at its decision; this court can thus fix a wrongly decided case immediately, before it is relied upon by lower courts and infects the entire justice system.
{¶ 20} A case wrongly decided in late December 2016 is still a case wrongly decided. The state filed its motion for reconsideration on January 3, 2017—to the current court—in accordance with the rule. It is the duty of this court to address the motion. And a majority of this court determines that State v. Gonzales, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405, is fundamentally flawed. Far better for the administration of justice in Ohio to correct that erroneous holding now than to put off the task for a future case. Reconsideration exists for a very good reason; we should not employ it lightly, but we neglect our duty if we do not employ it to right wrongs when necessary.